UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JOSEPH SINGLETON** | \* | **CIVIL ACTION NO. 17-5539** |
| \* | | |
| **VERSUS** | \* | **JUDGE:** _____ |
| | \* | |
| **INGRAHAM SERVICES, LLC AND** | \* | **MAG JUDGE:**_____ |
| **OMI ENVIRONMENTAL** | \* | |
| **SOLUTIONS** | \* | |
| | \* | |
| | \* | |
| | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**COMPLAINT FOR DAMAGES**

**NOW INTO COURT,** through undersigned counsel, comes petitioner, Joseph Singleton, and with respect files the following Complaint for Damages and appropriate ancillary relief:

1.

This Honorable Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1333. Venue is proper in accordance with 28 U.S.C. § 1391(b)(1) and (2).

2.

This case is brought pursuant to the Constitution and the laws of the United States of America and the State of Louisiana under the General Admiralty and Maritime Law. Additionally, at all times material hereto, there was in full force and effect an Act of Congress, the Jones Act (46 U.S.C. §30104, *et seq*), which petitioner hereby adopts and asserts as a claim for relief.

3.

This matter is identified as an admiralty or maritime claim in accordance with the provisions of Rule 9(h) of the Federal Rules of Civil Procedure.

4.

Petitioner, Joseph Singleton, is a person of the full age of majority, domiciled in the city of Harvey, State of Louisiana.

5.

The defendants named herein are:

(1) **INGRAHAM SERVICES, L.L.C.,** a domestic limited liability company, authorized to do and doing business in the State of Louisiana with its principal place of business located in the Parish of Plaquemines at 1112 Engineers Road, Suite 8, Belle Chase, LA 70037; and

(2) **OMI ENVIRONMENTAL SOLUTIONS,** a domestic business entity, authorized to do and doing business in the State of Louisiana with its principal place of business located in the Parish of Plaquemines at 131 Keating Drive, Belle Chase, LA 70037.

6.

**INGRAHAM SERVICES, L.L.C.,** (hereinafter "Ingraham") engages in the for-profit business of providing marine services and personnel to customers throughout the oil and gas industry, including customers throughout the Gulf of Mexico.

7.

**OMI ENVIRONMENTAL SOLUTIONS** (hereinafter "OMI") is a for-profit business that engages in a variety of environmental services matters, including but not limited to oil spill response and clean-up throughout the Gulf of Mexico

8.

Defendants are truly and justly indebted to petitioner herein for any and all damages sustained as a result of an incident that occurred in the territorial waters of the United States of America, State of Louisiana, on or about December 20, 2016.

9.

On or about December 20, 2016, Mr. Singleton was employed by **INGRAHAM SERVICES, L.L.C.** and was working as a seaman aboard a "rescue boat" owned and/or operated and/or owned *pro hac vice* by **OMI ENVIRONMENTAL SOLUTIONS**. Mr. Singleton was working directly from the stern of the vessel, in the service of the vessel, by assisting with the clean-up of soiled / oil-covered "lily pads" and removing them from the waters of the Gulf of Mexico following an oil spill incident in the Gulf.

10.

At the particular time of the incident in question, employees of Ingraham and OMI were riding to their next clean-up area within the Gulf. The weather was poor and the seas were rough; however, the captain of the OMI vessel, believed to be named Melvin or "Rabbit," proceeded to operate his vessel recklessly and without caution. The vessel was also overcrowded, and there was not adequate seating for the personnel aboard the vessel – some men even forced to sit on ice chests. Suddenly and without warning, the vessel struck a large sea swell, while travelling at an excessive rate of speed, causing Mr. Singleton to violently collide with another crewman aboard the vessel as well as the cabin wall. This incident caused Mr. Singleton to sustain severe and disabling injuries, including but not limited to his back, neck, spine, head, knees and shoulders.

11.

The incident that occurred on or about December 20, 2016 resulting in severe and disabling injuries to Mr. Singleton, was caused solely and exclusively by the negligence and fault of defendants, **INGRAHAM SERVICES L.L.C., and/or OMI ENVIROMENTAL SOLUTIONS** in the following non-exclusive particulars:

- a. Failing to provide plaintiff with a safe and non-hazardous workplace;
- b. Failing to prudently operate the vessel in question;
- c. Failing to have safe and adequate seating aboard the vessel;
- d. Failing to keep a proper lookout;
- e. Operating the vessel while inattentive or distracted;
- f. Operating the vessel in poor sea conditions;
- g. Failing to see what should have been seen and doing what should have been done in order to prevent the accident sued upon herein;
- h. Operating a vessel in a wanton and reckless manner with no regards for the rights and safety of others;
- i. Failing to maintain proper control of the vessel;
- j. Failing to maintain a safe distance from passing vessels or sea swells;
- k. Failing to operate the vessel at a safe speed in light of the weather conditions;
- l. Failing to properly supervise the task being performed;
- m. Failing to adequately inspect its vessel and keep it in a safe and operable condition;
- n. Failing to adequately train and/or supervise crew members and/or all other workers in the performance of their duties;
- o. Failing to provide adequate manning for the tasks at hand;

p. Failing to properly equip its crew members and/or all other workers;

q. Failing to properly and reasonably select and implement an overall plan to complete the tasks at hand in a safe and non-hazardous manner;

r. Failing to ensure that all working areas involved were in all respects safe;

s. Failing to devise and implement an adequate crew safety protocol and safety watch;

t. Other negligent acts and/or omissions to be shown at the trial of this action.

12.

At all times pertinent hereto, the defendant's vessel was unseaworthy in one or more of the following respects, to-wit:

a. The vessel was not safe for the performance of its operations;

b. The vessel was not reasonably fit for its intended purpose;

c. The vessel crew was inadequately trained for the operations being conducted at the time;

d. The vessel crew was inadequate in number;

e. Failure to have required complement of crew;

f. The vessel and all of its' equipment and appurtenances were inadequately maintained; and

g. Other unseaworthy conditions to be determined at a trial of this action.

13.

Plaintiff, Joseph Singleton, was not negligent in any way, and did not contribute to the incident complained of herein

14.

Plaintiff, Joseph Singleton, is entitled to maintenance and cure benefits from his employer until such time as he reaches maximum medical cure, and Plaintiff is entitled to punitive damages, attorneys' fees and costs in the event that his employer unreasonably refuses to pay or discontinues

maintenance and cure benefits.  At the present time, upon information and belief, Plaintiff is receiving no such benefits by his employer.

15.

As a result of the incident described herein, Joseph Singleton has incurred the following non-exclusive damages:

      a. Past and future loss of wages;

      b. Impairment of future earning capacity;

      c. Past and Future physical pain and suffering;

      d. Past and Future mental and emotional pain and suffering;

      e. Loss of enjoyment of life;

      f. Past and Future medical expenses;

      g. Has not received maintenance and cure benefits;

      h. Punitive Damages;

      i. Attorneys' Fees; and

      j. Other elements of damages to be shown at the trial of this matter.

**WHEREFORE,** petitioner, Joseph Singleton, prays that defendants, **INGRAHAM SERVICES, L.L.C., and OMI ENVIRONEMNTAL SOLUTIONS,** be served with a copy of this Complaint for Damages and be duly cited to appear and answer same; that after all due proceedings are had, that there be judgment rendered in favor of petitioner, and against defendants for all damages that are reasonable in the premises together with legal interest and for costs of these proceedings; and

Finally, petitioner prays for all other general and equitable relief to which they may otherwise be entitled.

Respectfully Submitted:

**HUBER, SLACK THOMAS & MARCELLE, LLP**

*s/ J. Christopher Zainey, Jr.*
**J. CHRISTOPHER ZAINEY, JR. (#32022)**
1100 Poydras Street, Suite 2200
New Orleans, LA 70163
Phone: (504)274-2500
Fax: (504)910-0838
chris@huberslack.com
*Attorney for Plaintiff, Joseph Singleton*

**PLEASE SERVE DEFENDANTS:**

INGRAHAM SERVICES LLC
Through its registered agent
Kirk Ingraham
120 St. Thomas Lane
Port Sulphur, LA 70083

OMI ENVIROMENTAL SOLUTIONS
Through its registered agent
Walter Diamond
131 Keating Drive
Belle Chase, LA 70037

OMI ENVIROMENTAL SOLUTIONS
Through its registered agent
Stephen Comardelle
Through its registered agent
321 St. Charles Avenue
New Orleans, LA 70130